IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | No. 2:20-cv-0121-DCN |
| vs. | ) ) | **ORDER** |
| WILLIAM STEPHENS, III a/k/a WILLIAM STEPHENS and TOMIAS DUBOISE, | ) ) ) ) ) | |
| Defendants. | ) ) | |

     This matter is before the court on plaintiff State Farm and Casualty Insurance Company's ("State Farm") motion for default judgment, ECF No. 22. For the reasons set forth below, the court grants the motion.

     This insurance action arises out of a car accident. On May 24, 2019, defendant William Stephens ("Stephens") swerved off the road and into a ditch, where his vehicle was damaged. Defendant Tomias Duboise ("Duboise") was a passenger in Stephens's vehicle when the accident occurred. At the time, Stephens maintained a car uninsured motorist insurance policy with State Farm (the "Policy"). In its complaint, State Farm alleges that on May 25, 2019, Stephens filed a claim under the Policy, reporting that his vehicle ran off the road after it was struck by an unidentified vehicle in a hit-and-run. The complaint further alleges that State Farm hired an expert to investigate the claim, and the expert concluded that the accident involved only one vehicle. As such, State Farm filed this action with the court on January 10, 2020, seeking a declaratory judgment that there is no coverage available under the Policy because (1) there was no hit-and-run

1

accident, (2) Stephens failed to cooperate in State Farm's claim process, and (3) Stephens provided false statements.  ECF No. 1, Compl.  State Farm served the summons and complaint upon Stephens on January 17, 2020, see ECF No. 6, and upon Duboise on January 26, 2020, see ECF No. 5.  Both defendants failed to respond or otherwise make an appearance.  Accordingly, on May 11, 2020, State Farm requested an entry of default, ECF No. 20, which the clerk entered the same day, ECF No. 21.  On October 6, 2020, State Farm filed the instant motion for default judgment.  ECF No. 22.

      After the clerk enters a defendant's default, and when the plaintiff's claim is not for a sum certain, the plaintiff must file a motion with the court to obtain default judgment.  Fed. R. Civ. P. 55.  "When a 'motion for default judgment is unopposed, the court must exercise sound judicial discretion to determine whether default judgement should be entered.'"  Harris v. Blue Ridge Health Servs., Inc., 388 F. Supp. 3d 633, 637 (M.D.N.C. 2019) (quoting United States v. Williams, 2017 WL 3700901, at *1 (M.D.N.C. Aug. 25, 2017)).  In doing so, "the court accepts a plaintiff's well-pleaded factual allegations as true."  Broxton v. Blue Ridge in Fields, 2019 WL 3315245, at *2 (D.S.C. July 24, 2019) (citing DIRECTV, Inc. v. Rawlins, 523 F.3d 318, 322 n.2 (4th Cir. 2008)).  However, "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover."  Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001).  As such, the court need not accept the plaintiff's legal conclusions and must determine whether the plaintiff's allegations support the relief sought.  Id.  "The party moving for default judgment must still show that the defaulted party was properly served and that the unchallenged factual allegations constitute a legitimate cause of action."  Harris, 388 F. Supp. 3d at 637–38 (internal citations and

quotations omitted). If the court determines that service was proper and that the allegations entitle the plaintiff to relief, then it must then determine the appropriate amount of damages.  Id.

After review, the court finds default judgment warranted here.  State Farm has presented evidence that both Stephens and Duboise were properly served with a summons and complaint in this action.  See ECF Nos. 5 and 6.  Despite proper service, defendants have failed to respond to the complaint or otherwise make an appearance in this case within the time permitted by the federal rules.  Taking the complaint's unchallenged factual allegations as true, State Farm is entitled to the declaratory judgment it seeks.  As such, the court grants the motion for default judgment on State Farm's declaratory judgment claims and declares as a matter of law that the Policy does not extend coverage to Stephens for the May 24, 2019 accident.

For the foregoing reasons the court **GRANTS** the motion for default judgment.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**November 20, 2020**
**Charleston, South Carolina**